UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MATHER FAMILY TRUST,

Plaintiff

v.

7-ELEVEN, INC.,

Defendant

C.A. No. 05-047T

**ANSWER OF 7-ELEVEN, INC. AND JURY DEMAND**

The defendant 7-Eleven, Inc., by and through counsel, answers the plaintiff's complaint in corresponding paragraphs as follows.

***Introduction***

The introductory paragraph characterizes plaintiff's claims and, accordingly, requires no response.

***Parties***

1. The defendant lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 1.

2. The defendant admits the allegations in paragraph 2, except the allegation that the defendant is a Delaware corporation.

***Jurisdiction***

3. The defendant denies the allegations contained in the first sentence of paragraph 3. The second sentence of paragraph 3 states a proposition of law for which no response is required.

***General Allegations***

4. Defendant lacks knowledge or information sufficient to determine the truth of the allegation that the plaintiff is the owner of certain real property located at 800 Crescent Street, Boston, Massachusetts ("Property"). The defendant admits that the Property has been used as a convenience and gasoline service station.

5. The defendant admits that certain documents, including a marked-up "lease agreement" with substantial handwritten changes and schedules, are attached to plaintiff's complaint. The defendant lacks knowledge or information sufficient to determine whether the attached documents constitute the "lease agreement" as alleged by the plaintiff in paragraph 5. The defendant denies that the purported "Lease Agreement" is between the plaintiff and Christy's Markets, Inc. Further answering, the defendant states that the documents attached to the complaint speak for themselves.

6. The defendant admits that it is the successor-in-interest to the rights and obligations of Christy's Markets, Inc. with respect to the Property and denies the remaining allegations in paragraph 6. Further answering, the defendant lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint.

7. Responding to paragraph 7, the defendant states that it lacks knowledge or information sufficient to determine whether "Schedule C" attached to the complaint is what plaintiff purports it to be, and further states that, in any event, the documents attached to the complaint, including Schedule C, speak for themselves.

8. Responding to paragraph 8, the defendant states that it lacks knowledge or information sufficient to determine whether "Schedule C" attached to the complaint is what plaintiff purports it to be, and further states that, in any event, the documents attached to the complaint, including Schedule C, speak for themselves.

9. Responding to paragraph 9, the defendant states that it lacks knowledge or information sufficient to determine whether "Schedule B" attached to the complaint is what plaintiff purports it to be, and further states that, in any event, the documents attached to the complaint, including Schedule B, speak for themselves.

10. The defendants lack knowledge or information sufficient to determine the truth of the allegations in paragraph 10.

11. The defendant admits that the first option period expired on June 30, 2004, that the defendant did not exercise any additional option period and that accordingly its use and occupancy of the Property was terminated.

12. The defendant admits that certain equipment was leased from the plaintiff, lacks knowledge or information as to whether all of the equipment identified in paragraph 12 was leased from the plaintiff, and lacks knowledge or information as to whether the plaintiff had the exclusive ownership of the equipment specifically referenced in paragraph 12.

13. Responding to paragraph 13, the defendant states that it lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint, and further responds that, in any event, the documents attached to the complaint speak for themselves.

14. Responding to paragraph 14, the defendant states that it lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint, and further responds that, in any event, the documents attached to the complaint speak for themselves.

15. The defendant admits that allegations in paragraph 15, except to deny that it "vacated" the Property on or about January, 2004.

16. The defendant admits that certain items were mistakenly removed for a time from the Property and denies the remaining allegations in paragraph 16.

17. The defendant denies the allegations in paragraph 17.

18. The defendant admits that certain items were mistakenly removed for a time from the Property. The defendant lacks knowledge or information sufficient to determine what items referenced in paragraph 18 were removed.

19. The defendant admits that Exhibit B is a copy of correspondence from 7-Eleven dated April 27, 2004, states that Exhibit B speaks for itself, further states that it lacks knowledge or information sufficient to determine the truth of the allegations contained in the first sentence of paragraph 19, and denies the remaining allegations contained in paragraph 19.

20. Responding to the first sentence in paragraph 20, the defendant states that it lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint, and further responds that, in any event, the documents attached to the complaint speak for themselves. Responding to the second sentence in paragraph 20, the defendant lacks knowledge or information sufficient to determine the truth of the allegations contained therein.

## COUNT I

***(Breach of Contract – damage to the Leased Property)***

21. The defendant incorporates by reference its responses to paragraphs 1 through 20 above as if fully set forth herein.

22. The allegations purport to state a proposition of law for which no response is required. To the extent a response is deemed required, the defendant denies the allegations contained in paragraph 22.

23. The defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in paragraph 23.

24. The defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in paragraph 24.

25. The defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in paragraph 25.

26. The defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in paragraph 26.

27. The defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in paragraph 27.

28. The defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in paragraph 28.

29. The defendant lacks knowledge or information sufficient to determine the truth of the allegations contained in paragraph 29.

## COUNT II

***(Breach of Lease – Closure of Convenience Store and Gasoline Service Station)***

30. The defendant incorporates by reference its responses to paragraphs 1 through 29 above as if fully set forth herein.

31. Responding to paragraph 31, the defendant states that it lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint, and further responds that, in any event, the documents attached to the complaint speak for themselves.

32. Responding to paragraph 32, the defendant states that it lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint, and further responds that, in any event, the documents attached to the complaint speak for themselves.

33. The defendant lacks knowledge or information sufficient to determine the truth of the allegations in paragraph 33, except to admit that the defendant closed its store prior to June 30, 2004.

34. The defendant denies the allegations in paragraph 34.

35. The defendant denies the allegations in paragraph 35.

36. The defendant denies the allegations in paragraph 36.

37. The defendant denies the allegations in paragraph 37.

38. The defendant denies the allegations in paragraph 38.

## COUNT III

***(Breach of Contract – Failure to Pay Rent)***

39. The defendant incorporates by reference its responses to paragraphs 1 through 38 above as if fully set forth herein.

40. Responding to paragraph 40, the defendant states that it lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint, and further responds that, in any event, the documents attached to the complaint, including Schedule C, speak for themselves.

41. Responding to paragraph 41, the defendant states that it lacks knowledge or information sufficient to determine whether the documents attached to the complaint constitute the "Lease Agreement" referenced in the plaintiff's complaint, and further responds that, in any event, the documents attached to the complaint, including Schedule C, speak for themselves.

42. The defendant denies the allegations in paragraph 42.

43. The defendant denies the allegations in paragraph 43.

Wherefore, the defendant prays the Court to dismiss plaintiff's claims in their entirety and award the defendant its costs and reasonable attorneys' fees.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state claims for which relief can be g ranted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's action must be dismissed for lack of personal jurisdiction over the defendant and for improper venue.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's action must be transferred to the Federal District Court for the District of Massachusetts as none of the parties are citizens of Rhode Island and the plaintiff's claims do not concern or arise out of any property, transactions or other contacts with Rhode Island.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages, in whole or part, are the result of its own failure to mitigate.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages, in whole or part, are the result of actions of third persons for whom the defendant is not responsible.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the principles of waiver and/or estoppel.

THE DEFENDANT DEMANDS TRIAL BY JURY

7-ELEVEN, INC.

By and through its attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Tel #: (401) 272-4442
Fax #: (401) 272-9937
Email: marc@desistolaw.com

DATE: February 14, 2005

**CERTIFICATION OF SERVICE**

I hereby certify that a true copy of the within Answer was mailed, postage prepaid on this 14th day of February 2005 to:

Michael A. Kelly, Esq. #2116
John O. Mancini, Esq. #6061
55 Pine Street
Suite 5000
Providence, RI 02903